UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**SOUTHERN DIVISION at PIKEVILLE**

| | |
|---|---|
| MARYLEN TRUSTY, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 7:13-cv-094-JMH |
| ) | |
| v. ) | |
| ) | |
| CAROLYN COLVIN, ACTING ) | **MEMORANDUM OPINION AND ORDER** |
| COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court on cross motions for summary judgment. For the reasons discussed below, the motion of the Commissioner will be granted and the motion of Plaintiff Marylen Trusty will be denied.

**I.   BACKGROUND**

Mrs. Trusty applied for disability insurance benefits on July 1, 2011, alleging her disability onset date was January 1, 2008. Tr. 11, 130-133. Her application was denied by a November 29, 2012 decision of the Administrative Law Judge (ALJ). Tr. 8-23. Plaintiff timely pursued her administrative remedies before the Commissioner, and the ALJ's decision is now ripe for review.

The date Plaintiff was last insured (DLI) was September 30, 2011. Tr. 13, 17, 26. Plaintiff completed the seventh grade and worked as a cab driver and restaurant assistant manager in the past. Tr. 29. She is 5 feet, 6-1/2 inches tall and recently lost 169 pounds. In February 2012, she weighed 212 pounds. Tr. 16, 1080. She can drive

1

for about 30 minutes at a time. Tr. 28. She claims she is unable to work due to hernias, prior hernia repair surgeries, a heart attack, high blood pressure, a stroke, gastric bypass and diabetes. Tr. 157.

The ALJ concluded that Plaintiff had severe impairments due to obesity, residuals of hernia and abdominal surgeries, and an abdominal hernia. Tr. 13. He further concluded that, through the date last insured, she retained the residual functional capacity ("RFC") to perform a limited range of light work, except occasionally climb, frequently balance, stoop, kneel, crouch, and crawl, and needed a sit/stand option at one half-hour intervals. Tr. 15-17. Using the testimony of the vocational expert, the ALJ determined that, considering Plaintiff's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy that Plaintiff could perform. Tr. 17-18. As a result, the ALJ held that Plaintiff was not disabled. Tr. 18.

Plaintiff appeals the ALJ's decision to this Court arguing that it should be reversed because the ALJ did not consider Plaintiff's back pain as a severe impairment, and he gave no weight to the opinion of Dr. Albaree, the treating physician. Plaintiff further argues the ALJ erred by giving great weight to the opinion of Dr. Ramona Minnis, who did not review all the medical evidence. DE 14, pp. 1-2.

**II. ANALYSIS**

The ultimate burden of proving a disability is on the plaintiff. 20 C.F.R. § 404.1512(a); *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001). Judicial review of a decision of the Commissioner is limited to determination of whether the findings are supported by substantial

2

evidence and whether the ALJ applied the correct legal standards. 42 U.S.C. § 405(g); *White v. Commissioner of Social Security*, 572 F.3d 272, 281 (6th Cir. 2009) ("The Commissioner's conclusions must be affirmed absent a determination that the ALJ failed to apply the correct legal standards or made findings of fact unsupported by substantial evidence in the record."). "We must defer to an agency's decision 'even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ.'" *Foster*, 279 F.3d at 353.

    **A.    Plaintiff's Back Pain**

Plaintiff argues that the ALJ should be reversed for not finding that she had an additional severe impairment of "back pain." DE 14-1, pp. 11-14. Omitting a potential severe impairment, however, is harmless error. Having found other severe impairments, "the Secretary must continue with the remaining steps in his disability evaluation." *Cole v. Colvin*, No. 2014 WL 2113018 at *5 (E.D. Ky. 2014), quoting *Maziarz v. Secretary of Health and Human Services,* 837 F.2d 240, 244 (6th Cir. 1987).

> Since the Secretary properly could consider claimant's [alleged severe impairment] in determining whether claimant retained sufficient residual functional capacity to allow him to perform substantial gainful activity, the Secretary's failure to find that claimant's [alleged severe impairment] constituted a severe impairment could not constitute reversible error.

*Id.* The ALJ took Plaintiff's allegations of back pain from her hernia into consideration when he included a sit/stand option in the RFC assessment. Tr. 15-17, 31. This was not "confusing," as Plaintiff

3

argues; instead, it was an appropriate consideration under the circumstances.

It is the Plaintiff's burden to prove that she had an additional, distinct, severe impairment of back pain during the relevant period. *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988). To qualify as a severe impairment at step two of the sequential evaluation process, an impairment must significantly limit the claimant's physical or mental abilities to do basic work activities. 20 C.F.R. §§ 404.1520(c), 404.1521(a); *Higgs*, 880 F.2d at 863. The impairment must also be severe for at least twelve consecutive months to satisfy step two. 20 C.F.R. § § 404.1505(a), 404.1509, 404.1520(a)(4)(ii); *Barnhart v. Walton*, 535 U.S. 212, 217 (2002). A showing that an impairment became disabling after the DLI is not sufficient. *King v. Secretary of Health and Human Services*, 896 F.2d 204, 205-206 (6th Cir. 1990). The ALJ's determination here that Plaintiff did not have a severe impairment of back pain during the relevant period from January 1, 2008 through her DLI on September 30, 2011, is supported by substantial evidence and the correct legal standards were applied.

Plaintiff notes that she started complaining of back pain from February through April of 2011, prior to the expiration of her insured status. DE 14-1 at 12. In determining that back pain was not a severe impairment, the ALJ noted the following:

> The claimant had an X-ray of the lumbar spine in February of 2011. It showed the vertebral bodies were normal in height and mineralization with no evidence of acute compression fracture or spondylolysis or listhesis. The visualized pedicles, transverse process and spinous process were intact. The disc spaces were normal in height. The paraspinal soft tissue shadow is unremarkable. (Exhibit 18F). In April of 2011, the claimant had an examination by

4

> Dr. Seth Stearley. Upon examination, the claimant was
> moving all extremities. The claimant had no weakness or
> swelling. The overall record does not show significant
> treatment or a limitation of work related functioning
> secondary to back pain, although the undersigned notes the
> claimant may have some back pain from her current hernia.

Tr. 13-14. The record shows that Plaintiff again complained of back pain on March 1, 2011, saying it was worse "when she lifted her sick mother." Tr. 1411. Nonetheless, she declined any further work up for low back pain. Tr. 1412. Lifting a person and declining treatment are inconsistent with disabling back pain. On May 13, 2011, Plaintiff did not complain of back pain. Tr. 1417-1418. She did not see the physician assistant again until January 4, 2012, which is an extensive gap in treatment that Plaintiff did not explain. Tr. 1420.

Plaintiff complains that the ALJ did not consider a CT scan performed on November 18, 2011. DE 14-1, p. 13. This scan was after her DLI and cannot be considered for purposes of disability. *King, 896 F.2d at 205-6.* Moreover, the findings of the CT were normal or mild. Tr. 901-02. Plaintiff argues that the findings of the November CT were similar to a CT on July 24, 2011. That CT was performed because Plaintiff complained of abdominal pain and a ventral hernia. There were no abnormal findings related to the lumbar spine on the report. Tr. 485, 1061-1075. In July 2011, Plaintiff did not complain of back pain. She had a normal range of motion, normal strength, no tenderness, no swelling and no deformity. Tr. 1068. Dr. Stearley's musculoskeletal examination in April 2011 was also normal. Plaintiff was moving all extremities; there was no deformity, weakness or swelling. Tr. 726-727.

The ALJ found that Plaintiff might have some back pain from her current abdominal hernia and that she had a severe impairment due to abdominal hernia. Tr. 13-14. Plaintiff failed to show that any relevant diagnosis or finding of low back pain established a separate severe impairment that resulted in additional limitations on her ability to work.

**B. The Opinions of the Physicians Were Properly Assessed**

Plaintiff urges reversible error because the ALJ discounted the opinions of one of her treating physicians, Ayman Albaree. DE 14-1, pp. 14-16. Generally, a treating doctor's opinion is entitled to more weight, and good reasons must be given for discounting it. 20 C.F.R. § 404.1527(c)(2); *Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 376 (6th Cir. 2013). A treating doctor's opinion may be discounted, however, when the doctor does not support the opinion with objective medical evidence or if the doctor's opinion is inconsistent with the record as a whole. 20 C.F.R. § 404.1527(c); *Bogle v. Sullivan*, 998 F.2d 342, 347-48 (6th Cir. 1993).

Additionally, opinions on some issues, such as whether the claimant is "disabled" or "unable to work" are reserved for the Commissioner because they are administrative findings that are dispositive of a case. 20 C.F.R. § 404.1527(d); *Dunlap v. Commissioner of Social Security,* 509 F. App'x. 472, 476 (6th Cir. 2012). Opinions on issues reserved for the Commissioner "even when offered by a treating source, … can never be entitled to controlling weight or be given special significance." SSR 96-5p; 20 C.F.R. § 404.1527(d)(3). Controlling weight to such opinions would "be an

abdication of the Commissioner's statutory responsibility to determine whether an individual is disabled." SSR 96-5p. Doctors' opinions about what a claimant can still do or any restrictions are relevant evidence, but they are not determinative because the ALJ has the responsibility of assessing the claimant's RFC. *Coldiron v. Commissioner of Social Security,* 391 F. App'x 435, 439 (6th Cir. 2010).

Dr. Albaree's September 10, 2012 opinion was offered nearly a year after Plaintiff's DLI. Dr. Albaree did not relate his opinion back to the relevant time before Plaintiff's DLI. Tr. 1401-02. Accordingly his opinion is irrelevant to the time period at issue. *See King*, 896 F.2d at 205-06. Moreover, his statements that Plaintiff could work no hours per day and would be absent from work more than four days per month are not medical opinions, but rather conclusions on the issue reserved for the Commissioner. 20 C.F.R. § 404.1527(d)(3). Accordingly, these opinions are not entitled to any weight.

Additionally, the ALJ gave reasons why he afforded Dr. Albaree's opinion no weight. Tr. 17. The opinions were unsupported and inconsistent with the overall medical evidence. *Id.*; 20 C.F.R. § 404.1527(c). His opinion was that Plaintiff can work no hours per day and can stand and sit for fifteen minutes at a time; can lift five pounds on an occasional basis and no weight on a frequent basis; can occasionally bend, stoop, balance and climb stairs; can never climb ladders; and would miss more than four days a month of work due to her impairments. Tr. 1401-02. He did not identify any diagnoses or

7

condition that he claimed resulted in these disabling limitations. He only noted that Plaintiff had Type II diabetes, which the ALJ found was controlled. Tr. 14, 388, 1401. Dr. Albaree's opinion was not supported by references to clinical or diagnostic testing or any objective findings. Tr. 1401-02. He did not even reference his own treatment notes, which the ALJ noted were inconsistent with his opinion. Tr. 17. During Dr. Albaree's treatment of Plaintiff, he never imposed such restrictions on her. Moreover, his treatment notes said that Plaintiff had done well after her March 1, 2012 hernia surgery and her stomach plain had reduced considerably afterwards. Tr. 16—17, 1426-1428. On May 8, 2012, Plaintiff reported to a physician assistant at Dr. Albaree's that she had no abdominal pain. Tr. 1432.

The ALJ also found that Dr. Albaree's opinion was inconsistent with the overall evidence of record. Tr. 14-15, 17. The ALJ noted an examination by Dr. Seth Stearley in April of 2011 in which Plaintiff was moving all extremities, had no weakness or swelling, and no record to show significant treatment or a limitation of work-related functioning secondary to back pain. Tr. 14-15, 17, 726-727. The ALJ said that Dr. Albaree's opinion would essentially render Plaintiff bedridden, which Plaintiff's own testimony and the medical evidence show was clearly not her condition. Tr. 17. She can drive for thirty minutes with no trouble and drove to the hearing. Tr. 15, 28-29. She can take care of her personal needs, including showering and dressing herself; she does light housework; and she goes to church on Sundays. Tr. 15-17, 33-34.

Dr. Albaree's opinion also conflicted with Dr. Minnis's opinion. Tr. 14-15, 17, 53-61, 726-27. Dr. Minnis reviewed the medical evidence as it existed on November 8, 2011, and opined that Plaintiff could perform light work, with occasional climbing and frequent balancing, stooping, kneeling, crouching, and crawling. Tr. 57-60. The ALJ properly gave Dr. Minnis' opinion great weight because it was consistent with the overall medical evidence, including Dr. Albaree's treatment notes, notes from UK HealthCare and a CT of the abdomen/pelvis in 2011. Tr. 17, 57-59. State agency consultants are highly qualified specialists who are also experts in the Social Security disability programs, and their opinions are entitled to great weight if the evidence supports them. 20 C.F.R. § 404.1527(e)(2)(i).

Plaintiff complains that Dr. Minnis did not review all the evidence as it existed when the ALJ decided the case in November 2012. DE 14-1, pp. 14, 17-18. For example, Plaintiff argues Dr. Minnis did not review records from 2008, at which time she was diagnosed with gastritis, elevated glucose, chest pain, and nausea or her 2010 records when she was having abdominal pain after surgery and a hernia. *Id.* at 17. The ALJ noted, however, that Plaintiff had hernia surgery in March of 2012, and in April and July of 2012, she had no abdominal pain and no nausea. Tr. 16. In April, May, June and July of 2012, Dr. Albaree's notes show no abdominal tenderness or distention. Tr. 1430-39. Moreover, Plaintiff does not show that these records imposed any additional work-related limitations beyond those found by the ALJ. DE 14-1, p. 17. Plaintiff also says she was restricted to lifting no more than five pounds for sixty days after her surgery. *Id.* at 15;

9

Tr. 1108. This was not a permanent or indefinite restriction, however, and was also after her DLI.

It is clear that the ALJ considered the entire record and even added the additional sit/stand option based on the Plaintiff's hearing testimony. Tr. 15, 17. The decision of the Commissioner applies the correct legal standards and is supported by substantial evidence. Accordingly, it must be affirmed.

**III. CONCLUSION**

**IT IS ORDERED** that:

1. Plaintiff's motion for summary judgment [DE 14] is **DENIED**;

2. The Commissioner's motion for summary judgment [DE 16] is **GRANTED** and the decision of the Commissioner **AFFIRMED** pursuant to sentence 4 of 42 U.S.C. § 405(g) as it was supported by substantial evidence and decided by the proper legal standards.

This the 20th day of August, 2014.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge